UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>DAVE ERICKSON, Chief of Police for Brookings Police Department, JOE FISHBAUGHER, Assistant Chief of Police for Brookings Police, DAMIAN WEETS, Sargent for Brookings Police Department, JOHN MCQUISTION, Parole Officer, and JOHN DOE, Police Officer for the Brookings Police Department,<br><br>        Defendants. | 4:20-CV-04168-KES<br><br>1915A SCREENING FOR SERVICE IN PART AND DISMISSAL IN PART |

  Plaintiff, Charles Ray Johnson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Johnson leave to proceed in forma pauperis. Docket 9. Now, Johnson moves for the court to amend his service of process date. Docket 21.

**I. 28 U.S.C. § 1915 Screening**

  **A. Factual Background**

  The facts alleged in Johnson's complaint are: that while at the Green Briar Apartments in Brookings, South Dakota, he called the police to report an unsupervised toddler. *See* Docket 1 at 7, 14. At the same time, Officer Damian Weets and his unknown partner arrived after receiving a call about a

suspicious black vehicle and black man. *Id.* at 15. Johnson is a black male and Officer Weets and his partner asked Johnson what his name was. *Id.* at 7, 15. Johnson gave Officer Weets his name and birthdate and told him that he was on parole. *Id.* at 7.

Officer Weets and his partner told Johnson he was free to go. *Id.* Johnson claims that even after the officers told him he was free to go, they kept asking him his name. *Id.* at 7. Johnson said that he did not need to answer that and that Officer Weets continued to harass him and unholstered his gun. *Id.* at 8. Officer Weets allegedly pointed the weapon into Johnson's car and yelled "it's the law you have to tell me your name[,] it's the law in all fifty states." *Id.* Johnson put his hands up and Officer Weets's partner was yelling at Officer Weets to lower his weapon. *Id.* Officer Weets lowered his weapon and told Johnson that he had created a hostile environment by not cooperating with him. *Id.* Officer Weets asked for Johnson's name again and when Johnson refused, he again unholstered his gun and pointed it inside the car. *Id.* Weets told Johnson to put his hands down and said he "hates it when we do that #BlackLivesMatter bull crap when we have [you] cornered." *Id.*

Johnson was told that he was going to be held as John Doe for failure to identify himself and Weets's partner demanded that Johnson flip his phone open. *Id.* Johnson was allegedly arrested for false impersonation. *Id.* Johnson mentions that he pleaded guilty in court. *Id.* at 10. Johnson alleges that the evidence introduced in his criminal case was tampered with or deleted. *Id.* at

2

19. Johnson's complaint does not give details on what he pleaded guilty to. *See Docket 1.*

Johnson asserts that John McQuistion, his parole officer, violated his constitutional rights after Johnson refused to give him (McQuistion) the password to his phone. *Id.* at 10-11. Johnson alleges he told McQuistion that he was filing a lawsuit against him and McQuistion then filed a false report that he had absconded from parole. *Id.* at 12. Johnson claims that the false report was the catalyst to him being arrested later that day by Officer Weets and his partner. *Id.*

He asserts that Dave Erickson, Chief of Police, and Joe Fishbaugher, Assistant Chief of Police, failed to properly train their officers, and this led to the violation of his constitutional rights. *See id.* at 6, 13. He sues all the defendants in their individual and official capacities. *Id.* at 12. He seeks seven million dollars and injunctive relief that the Brookings Police Department policies be revised *Id.* at 4.

**B.    Legal Background**

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Martin-Trigona v. Stewart,* 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does,* 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious, (2) fail to state a claim on which relief may be

3

granted, or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

### C. Legal Analysis

#### 1. Claims against John McQuistion

Johnson alleges that McQuistion filed a false report after Johnson told McQuistion that he was filing a lawsuit. Docket 1 at 12. He asserts that the false report stated that he had absconded and was the catalyst for him being arrested by Officer Weets and his partner. *Id.*

Liberally construing Johnson's alleged facts, he has raised a retaliation claim against McQuistion. To state a retaliation claim under § 1983, Johnson must show: (1) that he was engaged in constitutionally protected activity, (2) that McQuistion's adverse action caused Johnson to suffer an injury that would " 'chill a person of ordinary firmness' from continuing in the [constitutionally] protected activity," and (3) that the adverse action was at least partially motivated by Johnson's exercise of his constitutional rights. *See Baribeau v. City of Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010) (quoting *Williams v. City of Carl Junction*, 480 F.3d 871, 878 (8th Cir. 2007)). Johnson alleges that McQuistion filed a false report because he told him about his lawsuit and Johnson was later arrested. This is sufficient to plead a § 1983 retaliation against McQuistion that survives 28 U.S.C. § 1915A screening.

#### 2. Official Capacity Claims against Brookings PD Defendants

Johnson sues Damian Weets, John Doe, Joe Fishbaugher, and Dave Erickson (Brookings PD defendants) in their official capacities. Docket 1 at 12. These individuals are employed by the Brookings Police Department. "A suit against a government officer in his official capacity is functionally equivalent to

a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Johnson's official capacity claims against Weets, Doe, Fishbaugher and Erickson are the equivalent to claims against the City of Brookings. A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Johnson claims that Brookings Police Departments' policies need to be revised because the Brookings PD defendants' alleged actions were derived from these alleged unconstitutional policies through acting on the policies or training on the policies. *See* Docket 1 at 6, 12-13. Thus, Johnson's claims against Brookings PD defendants in their official capacities survive screening.[1]

---

[1] Erickson and Fishbaugher are the supervisors to Weets and the unknown officer. "In the section 1983 context, supervisor liability is limited. A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1994). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Because Johnson claims that Erickson and Fishbaugher have failed to train Weets and the unknown partner on the law and the policies are unconstitutional, his claims against Fishbaugher and Erickson in their individual capacities survive screening.

### 3. Individual Capacity Claims

#### a. Fourth Amendment

Johnson's complaint includes facts about his police encounter. *See* Docket 1. Liberally construing the alleged facts, Johnson claims that Brookings PD defendants used excessive force against him and that he was unreasonably seized. *Id.* The Fourth Amendment protects against "unreasonable searches and seizures[.]" U.S. Const. amend. IV. The Fourth Amendment also guarantees the right to be free from excessive force during an arrest or investigation. *Jackson v. Stair*, 944 F.3d 704, 710-11 (8th Cir. 2019) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

##### i. Unreasonable Seizure

Seizures that are brief are still within the scope of the Fourth Amendment. *See Terry v. Ohio*, 392 U.S. 1, 16-19 (1968). "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." *Id.* at 16. A seizure must be reasonable and a less intrusive seizure's reasonableness will depend on "a balance between the public interest and the individual right to personal security free from arbitrary interference by law officers." *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977) (internal quotation omitted). An officer can detain someone briefly for questioning, but cannot make an arrest without probable cause. *Terry*, 392 U.S. at 25-26.

Johnson alleges that he gave Officer Weets and his partner his name and birthdate. Docket 1 at 7. After Johnson complied, Officer Weets and his partner

told him that he was free to go. *Id.* Johnson claims that the officers kept asking him for his name and that he was arrested for false impersonation. *Id.* at 8. For purposes of screening, Johnson has alleged sufficient facts to support a Fourth Amendment unreasonable seizure claim against Brookings PD defendants.

### ii. Excessive Force

The United States Supreme Court "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. "[T]he Fourth Amendment requires us to ask, from the perspective of a reasonable officer on the scene, 'whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.' " *Franklin v. Peterson*, 878 F.3d 631, 635 (8th Cir. 2017) (quoting *Graham*, 490 U.S. at 397). Johnson alleges that Officer Weets and his partner continued to ask for his identification after he gave them his name and birthdate. Docket 1 at 7. He asserts that Officer Weets unholstered his gun and pointed it into the vehicle where Johnson was sitting. *Id.* Johnson has stated sufficient facts to support that the threat of force allegedly used by Officer Weets and his partner was unreasonable to obtain information. Thus, Johnson's excessive force claim against the Brookings PD defendants survives screening.

### b. State-Law Claims

Johnson mentions reckless infliction of emotional distress and intentional infliction of emotional distress. Docket 1 at 4. Johnson must allege

facts that "defendant[s] (1) by extreme and outrageous conduct, (2) acted intentionally or recklessly to cause the plaintiff severe emotional distress, (3) which conduct in fact caused the plaintiff severe distress, and (4) the plaintiff suffered an extreme, disabling emotional response to the defendant's conduct." *Harris v. Jefferson Partners, L.P.*, 653 N.W.2d 496, 500 (S.D. 2002). Because Johnson has not alleged facts to support these claims but only lists the legal claims, his reckless and intentional infliction of emotional distress claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### c. Equal Protection

Johnson asserts that Officer Weets's alleged comment and actions amounted to race based discrimination and an equal protection violation. Docket 1 at 6. "[T]he Constitution prohibits selective enforcement of the law based on considerations such as race." *Whren v. United States*, 517 U.S. 806, 813 (1996) . A plaintiff must show that the officer exercised discretion to enforce the law on account of race "which requires proof of both discriminatory effect and discriminatory purpose." *Johnson v. Crooks*, 326 F.3d 995, 1000 (8th Cir. 2003) (stating that when a plaintiff alleged the officer's traffic stop was due to his race, he had stated a "cognizable equal protection claim.") (citing *United States v. Armstrong*, 517 U.S. 456, 465 (1996)). "When the claim is . . . a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose." *Johnson*, 326 F.3d at 1000.

9

Here, Johnson alleges that Officer Weets said "I hate it when y'all do that #BLACKLIVESMATTER bull crap when we have y'all cornered[.]" Docket 1 at 7. Officer Weets then arrested Johnson. *Id.* Johnson has alleged sufficient facts to support that Officer Weets's discretion to enforce the law was due to Johnson's race through discriminatory effect and discriminatory purpose as required by *Johnson.* 326 F.3d at 1000. Thus, Johnson's equal protection claim survives screening.

### d.  Conspiracy

Johnson alleges that all defendants have conspired to deprive him of his due process rights. Docket 1 at 4, 19. To plead a civil conspiracy under § 1983, Johnson must show "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *Livers c. Schenck*, 700 F.3d 340, 360-61 (8th Cir. 2012) (internal quotation omitted). Johnson does not allege particular facts that all or any of the defendants had reached an agreement or specific facts that tend to show they had a meeting of the minds. *Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 582 (8th Cir. 2012); *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). The court finds Johnson's assertions to be legally conclusive and his conspiracy claims against all defendants are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## II.     Motion to Amend Proof of Service

Johnson "moves the court[] to ask for permission to amend proof of service date to send Defendant an admission of service form." Docket 21. It appears that after this court granted Johnson in forma pauperis status, he has been trying to serve his complaint. Johnson's complaint will be served by the United States Marshals after he fills out the proper paperwork. Johnson's motion (Docket 21) is denied as moot.

Thus, it is ORDERED:

1. That Johnson's § 1983 Retaliation claim against John McQuistion survives 28 U.S.C. § 1915A review.

2. That Johnson's Fourth Amendment (unreasonable seizure and excessive force) claims against Damian Weets, John Doe, Joe Fishbaugher, and Dave Erickson and Johnson's Equal Protection claim against Officer Weets survive 28 U.S.C. § 1915A review.

3. That all of Johnson's other claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. That Johnson's motion to amend (Docket 21) is denied as moot.

5. That the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Johnson so that he may cause the complaint to be served upon defendants.

6. That Johnson shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will

issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

7. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon the defendants.

8. Defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

9. Johnson will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated January 20, 2021.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE