UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>DAVE ERICKSON, Chief of Police Brookings Police Department, JOE FISHBAUGHER, Assistant Chief of Police Brookings Police Department, DAMIAN WEETS, Sargent Brookings Police Department, JOHN MCQUISTION, Parole Officer, and GEOFFREY POLLMAN, Police Officer Brookings Police Department,<br><br>　　　　　　　Defendants. | 4:20-CV-04168-KES<br><br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND ORDER ON MISCELLANEOUS MOTIONS |

Plaintiff, Charles Ray Johnson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1.

**I.　Motions to Dismiss**

Defendants Dave Erickson, Joe Fishbaugher, and Damian Weets filed a joint separate motion to dismiss and answer. Docket 28. Erickson, Fishbaugher, and Weets base their motion to dismiss on "the grounds that the actions of these defendants, and each of them, are protected by the doctrine of qualified immunity which precludes suit against them." *Id.* at 1. Defendant John McQuistion moves to dismiss and answer. Docket 42. McQuistion bases his motion to dismiss on qualified immunity. *Id.* at 1. Finally, defendant Geoffrey Pollman moves to dismiss based on qualified immunity. Docket 48.

Defendants' motions do not include a brief in support of their positions. Under this court's Local Civil Rules, "[w]ith every motion raising a question of law, . . . the movant must serve and file a brief containing the movant's legal arguments, the authorities in support thereof, and the Federal Rule of Civil Procedure on which the movant relies." D.S.D. Civ. LR 7.1(B). Defendants' motions raise a question of law, whether they are entitled to qualified immunity, but defendants did not file briefs in support. Thus, defendants' motions to dismiss (Dockets 28, 42, 48) do not comply with this court's Local Civil Rules. The court cannot rule on whether defendants are entitled to qualified immunity with such sparse motions and without briefs in support. As a result, the motions to dismiss are denied.

**II.   Motion to Stay Discovery**

Defendants move to stay discovery until this court resolves their forthcoming motion for summary judgment "based, in part, on the doctrine of qualified immunity." Docket 49 at 2. "Qualified immunity is an immunity from suit, not simply from liability" and protects officials from pretrial discovery. *Janis v. Biesheuvel*, 428 F.3d 795, 800 (8th Cir. 2005) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because defendants' forthcoming motion for summary judgment is based in part on qualified immunity, staying discovery related to the qualified

immunity issue is appropriate. But Johnson is entitled to discovery on claims that are unrelated to the defense of qualified immunity, such as a statute of limitations defense.

### III.    Motions Regarding Discovery

Johnson moves to subpoena and for discovery. Dockets 35, 47. Because discovery is stayed in part until after resolution of the motions for summary judgment based on qualified immunity, defendants do not need to respond to these discovery requests at this time.

After the summary judgment motions are resolved, Dockets 35 and 47 appear to be requests for production of documents. Under Federal Rule of Civil Procedure 34(a) "[a] party may serve on any other party a request [for production of documents.]" As the rule states, Johnson should serve the request on defendants. An order of the court is not necessary, and the discovery requests should not be filed with the court.

If defendants fail to respond to Johnson's discovery requests, Johnson can make a motion to compel disclosure or discovery under Federal Rule of Civil Procedure 37(a). The motion must include a certification that Johnson made a good faith effort to resolve the dispute. Fed. R. Civ. P. 37(a)(1). Because Johnson failed to follow the Federal Rules of Civil Procedure regarding seeking discovery, his motions are denied without prejudice.

Thus, it is ORDERED:

1. That defendants' motions to dismiss (Dockets 28, 42, 48) are denied.

2. That Johnson's motions to subpoena and for discovery (Dockets 35

and 47) are denied.

3. Defendants' motion to stay discovery (Docket 49) is granted in part. Johnson is entitled to discovery for claims unrelated to defendants' qualified immunity defense.

4. Defendants' motion for summary judgment based on qualified immunity must be filed within 30 days from the entry of this order. If defendants' motion for summary judgment is denied, the stay of discovery will be lifted.

Dated May 13, 2021.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE